BLAIR, *Adm'r. v.* ALSTON.

FRAUDLENT DEED—Fraud may be shown against any deed, and evidence tending to show fraud in the execution of a deed, to hinder or delay creditors, is relevant and should be admitted.

*Appeal from Johnson Circuit Court.*

HON. WILLIAM N. MAY, Circuit Judge.

*Watkins & Rose,* for appellants.

Fraud avoids a contract both at law and in equity. *Strayhorn v. Giles, 22 Ark., 521;* and the evidence tending to establish the fraud, should have been allowed to go to the jury; *Mullen v. Wilson, 44 Penn., 413; Millett v. Pottinger, 4 Metc.*

(*Ky.*), *213; Babcock v. Eckler, 24 N. Y., 623; Porter v. Mc-Donnell, 31 Missouri, 62; Telles v. Register, 4 Min., 391; Chandler v. Roeder, 24 How. U. S., 224; Mitchell v. Berry, 1 Metc., (Ky.) 602; Jones v. Lake, 2 Wis., 210; Burke v. Murphy, 27 Miss., 167. See Gould's Digest, Chap. 74, Sec. 4.*

McCLURE, J.

On the 22d of December, 1860, Alston executed and delivered his note, under seal, to one E. T. Blair, for the sum of $820, payable one day after date, with ten per cent. interest until paid.

On the 9th day of August, 1866, Louisa J. Blair, administratrix of E. J. Blair, deceased, brought suit, by attachment, against said Elijah B. Alston, on the ground of being a nonresident of the State, and the sheriff attached eighteen hundred and twelve acres of land, as the property of Elijah B. Alston.

John W. Alston, a nephew of Elijah B. Alston, came into court and filed an interpleader, wherein he states: "That at and before the time of the sueing out and service of said writ of attachment, the property attached was not the property of said Elijah B. Alston, but, on the contrary, the property of the interpleader, John W. Alston.

To the interpleader the appellant filed a general replication, and the interpleader joined issue. The cause was submitted to a jury, and it found for the interpleader.

The appellant made a motion for a new trial, assigning several causes, and, among others, the following, which is the only one we shall notice: "*First.* Because the ruling of the court, in excluding parol testimony, whereby fraud would have been apparent, is contrary to law."

Upon the trial of the cause, the interpleader, to sustain the issue on his part, introduced and read to the jury a deed executed by Elijah B. Alston, on the 20th day of July, 1865, to John W. Alston. The consideration expressed in said deed is

$7,000, and natural love and affection that the grantor bears towards his nephew, the grantee. The interpleader also introduced a quit-claim deed, executed upon the same consideration expressed in the deed of July 20, 1865, by Elijah B. Alston and Hannah, his wife. This last deed bears date June 1, 1866. The deeds mentioned are for the same lands attached by the appellant, and were filed for record on the 9th of November, 1865, and September 8, 1866, respectively. The interpleader also proved that he had managed and controlled the lands described in said deeds since the fall of 1865. This was all the evidence submitted to the jury on the trial of the cause.

The appellant offered to prove that the deeds executed to the interpleader, by Elijah B. Alston and Hannah, his wife, were executed to defraud creditors; that the deed of the 20th of July, 1865, was executed by the said Elijah B. Alston, at a time when John W. Alston was in the State of Texas, and without any consideration; that the said John W. Alston was poor and penniless, and could not and did not pay any thing for said lands, and was a party to said fraudulent conveyance; that said Elijah B. Alston, at the time of making said deeds, was in failing circumstances; that he owed at the time as much as those lands were worth; that said lands were about all the property owned at the time by the said Elijah B. Alston. The appellant further proposed to prove, by exhibiting to the court, the writing obligatory sued on. The court refused to permit the introduction of any testimony tending to establish these facts.

Judge STORY says that fraud avoids a contract *ab initio*, both at law and in equity, whether such fraud was committed by one of the contracting parties upon the other or by both upon persons not parties thereto, for the law will not sanction dishonest views and practices by enabling an individual to acquire any right or interest by means thereof. *Chitty on Contracts, 589.*

We understand that a creditor may show fraud against any deed that defeats the collection of his claim, and that if the

badges, when presented to the court, disclosed that the grantor and grantee have participated in the fraud, to the delay and injury of creditors, that the deed may be set aside.

Evidence tending to show that the appellant was a creditor of Elijah B. Alston, and that the Alstons had acted fraudulently for the purpose of defrauding, delaying or hindering creditors, was relevant, and should have been allowed to go to the jury.

The judgment of the Johnson county circuit court is reversed, and the cause remanded for a new trial, not inconsistent with this opinion.